UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RALPH T. O'NEAL, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:17-cv-00249 |
| | ) | REEVES/GUYTON |
| SPECIAL AGENT-IN-CHARGE, | ) | |
| Knoxville Office of the F.B.I., | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Ralph T. O'Neal, III is a federal prisoner currently incarcerated at the United States Penitentiary, Terre Haute. Before the Court is Petitioner's application to proceed *in forma pauperis* [Doc. 1] and petition for a writ of mandamus [Doc. 2]. For the reasons set forth below, Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **DENIED**, no process shall issue, and this action will be **DISMISSED without prejudice** to Petitioner filing a fee-paid petition for a writ of mandamus, pursuant to the three-strike rule set forth in 28 U.S.C. § 1915(g).

Section 1915(g) of the Prison Litigation Reform Act of 1996 ("PLRA") provides as follows:

> In no event shall a prisoner bring a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury.

28 U.S.C. § 1915(g).

While incarcerated, Petitioner has filed at least three prior civil rights actions that were dismissed for a failure to state a claim. *See Ralph O'Neal v. Blount County Detention Center, et al.*, Civil Action No. 3:08-cv-456 (E.D. Tenn. Nov. 20, 2008) (dismissed for failure to state a claim); *Ralph O'Neal v. Kris Mynatt*, Civil Action No. 3:08-cv-491 (E.D. Tenn. December 19, 2008) (dismissed as frivolous and for failure to state a claim); *Ralph T O'Neal, III v. Jack Stockton, et al.*, Civil Action No. 3:08-cv-467 (E.D. Tenn. December 19, 2008) (dismissed as frivolous and for failure to state a claim).

Although Petitioner has filed a petition for the issuance of a writ of mandamus, he is still ineligible to proceed *in forma pauperis*, unless his petition demonstrates that he faces imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *see also Bruce v. Samuels*, 136 S.Ct. 627, 630 n.3 (2016) ("We assume without deciding that a mandamus petition qualifies as a 'civil action' or 'appeal' for purposes of 28 U.S.C. § 1915(b)."); *Gross v. Experian*, No. 10–cv–150–GFVT, 2015 WL 1038835, at *3–*4 (E.D. Ky. Mar. 10, 2015) (noting that mandamus actions are civil proceedings to which the PLRA filing fee requirements apply); *McGore v. Mich. Parole Bd.,* No. 1:09–CV–922, 2009 WL 3429102, at *1 (W.D. Mich. Oct. 23, 2009) (denying pauper status to prisoner who had filed a petition for writ of mandamus because had previously acquired three strikes under § 1915(g)).

Nothing in Petitioner's petition suggests that he was in imminent danger at the time of filing. Therefore, Petitioner must prepay the entire $400.00 filing fee to proceed in this action. Accordingly, Petitioner motion for leave to proceed *in forma pauperis* [Doc. 1] will be **DENIED**, and Petitioner's petition will be **DIMISSED without prejudice** to Petitioner filing a fee-paid petition for a writ of mandamus, pursuant to the three-strike rule of 28 U.S.C. § 1915(g).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.

**AN APPROPRIATE ORDER WILL ENTER.**

_____
**UNITED STATES DISTRICT JUDGE**